IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY NASH, | § | |
| | § | |
| Defendant Below, | § | No. 167, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 14050028328 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 25, 2017
Decided: June 26, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

This 26th day of June 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Anthony Nash, filed this appeal from the Superior Court's denial of his motion for correction of an illegal sentence under Rule 35(a). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Nash's opening brief that his appeal is without merit. We agree and affirm.

(2) In July 2014, Nash was indicted for Robbery in the First Degree and Wearing a Disguise During the Commission of a Felony. On December 17, 2014,

Nash pled guilty to Robbery in the Second Degree as a lesser included offense of Robbery in the First Degree and Wearing a Disguise During the Commission of a Felony. The plea agreement indicated that Nash was habitual offender eligible under 11 *Del. C.* § 4214(a) and that sentencing was deferred so the State could file a motion to declare Nash a habitual offender under 11 *Del. C.* § 4214(a).

(3) On March 23, 2015, the State filed a motion to declare Nash a habitual offender Section 4214(a). One of the predicate felonies was a 2000 Florida conviction for two counts of Aggravated Assault on a Law Enforcement Officer. The Superior Court granted the State's motion on March 27, 2015. The Superior Court sentenced Nash as follows: (i) for Robbery in the Second Degree, under Section 4214(a), six years of Level V incarceration; and (ii) for Wearing a Disguise During the Commission of a Felony, five years of Level V incarceration, suspended for decreasing levels of supervision. Nash did not file a direct appeal.

(4) On August 1, 2016, Nash filed his first motion for postconviction relief under Rule 61. Nash argued his counsel was ineffective for failing to object to the State's motion to declare him a habitual offender because the Florida conviction had been vacated. The Superior Court summarily dismissed Nash's motion as time-barred under Rule 61(i)(1) and indicated that Nash could raise his argument regarding the Florida conviction under Rule 35.

(5) On September 16, 2016, Nash filed a motion for correction of illegal sentence under Rule 35(a). Nash argued that his Florida conviction was vacated and could not qualify as a predicate offense under Section 4214 and that the Florida resentencing papers submitted with the State's habitual offender petition were not certified. With the motion, Nash submitted an affidavit from his mother stating Nash's Florida counsel told her that Nash's Florida conviction was vacated and could not be used for habitual offender status in Delaware. Nash also provided a copy of the Florida judgment with a handwritten note stating "judgment & sentence of 10-24-00 set aside & vacated per motion to reconsider sent." The same document had appeared in the State's habitual offender petition, along with the motion to reconsider sentence filed by Nash's Florida counsel.

(6) At the request of the Superior Court, both Nash's former Delaware counsel and the State responded to Nash's motion. They stated that the Florida paperwork reflected Nash's Florida sentence was reduced as he had requested, but his Florida convictions were not vacated. In an order dated March 28, 2017, the Superior Court denied Nash's motion for correction of illegal sentence. The Superior Court concluded the motion was untimely, the Florida conviction was not vacated, and Nash's Delaware sentence was legal. This appeal followed.

3

(7)     We review the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[1] A motion to correct an illegal sentence under Rule 35(a) may be filed at any time.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[3]

(8)     Even assuming Nash challenges the legality of his sentence rather than the manner in which it was imposed,[4] we conclude that the Superior Court did not err in determining Nash's sentence was legal.  The Florida documents (which were certified, some on the back of the page, contrary to Nash's contention) reflect that: (i) Nash pled guilty to two counts of Aggravated Assault on a Law Enforcement Officer on October 9, 2000; (ii) Nash was sentenced as a youthful offender to concurrent sentences of four years incarceration, suspended after three years for one year of probation; (iii) Nash filed a motion, on November 4, 2000, to reconsider sentence in light of his recent malignant lymphoma diagnosis; and (iv) a judgment

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] Super. Ct. Crim. R. 35(a).
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] A timely motion to correct a sentence imposed in an illegal manner must be filed within ninety days of sentencing.  Super Ct. Crim. 35(a); Super. Ct. Crim. 35(b).

was filed on April 20, 2001 with a handwritten note stating "judgment & sentence of 10-24-00 set aside & vacated per motion to reconsider sent" and reflecting that the Florida court placed Nash under the supervision of the Department of Corrections for one year of Level 1 community control, followed by two years of probation. The April 2001 judgment reflects a new sentence for Nash's convictions, not that Nash's convictions were vacated. This is consistent with the fact that Nash's motion to reconsider requested modification of his sentence due to his illness, not that his convictions be vacated.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

5